IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09 - CV - 00194

LAWRENCE M. JIRON,

    Plaintiff,

v.

ROBERT W. OGBURN - dba - Judge, and Individually and in his Official Capacity as Judge (Ret),
O. JOHN KUENHOLD - dba - Judge, and Individually and in his Official Capacity as Judge (Ret),
PETER L. COMAR, District Attorney, and Individually and in his Official Capacity as D.A., and
OTHERS NOT LISTED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DISMISSING THE ACTION

---

Plaintiff Lawrence M. Jiron is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Jiron has submitted to the Court *pro se* a Prisoner Complaint, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a document titled "An '<u>Order</u>' of the Court Writ of Execution," and a document titled "Procedures for Seeking Leave to File Pro Se Action of Sovereign Lawrence M. Jiron." The Clerk of the Court will be directed to commence a civil action. For the reasons discussed below, the Court will deny Mr. Jiron leave to proceed *pro se* and dismiss the action.

Mr. Jiron has been permanently enjoined from filing any *pro se* civil complaints in this Court without first obtaining leave of court to proceed *pro se*. *See Jiron v. County of Alamosa*, No. 95-cv-01075-EWN (D. Colo. Sept. 17, 1998). In order to obtain permission to proceed *pro se*, Mr. Jiron must submit with any complaint he seeks to file a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" and an affidavit that include certain information specified in the sanction order. Among other things, the petition must contain: a statement advising the Court whether any defendant to the lawsuit was a party to, or was involved in, any prior lawsuit involving Mr. Jiron and, if so, in what capacity; a list of Mr. Jiron's prior lawsuits and appeals and the status and disposition of each prior lawsuit and appeal; and a description of Mr. Jiron's efforts to obtain counsel to represent him in this action. In considering whether leave to proceed *pro se* should be granted, some of the factors the Court must consider include: whether the petition to proceed *pro se* contains the required information; whether Mr. Jiron has complied with the Federal Rules of Civil Procedure and the Court's local rules; whether the complaint is frivolous, abusive, harassing, or malicious; and whether the Defendants have immunity from suit.

Mr. Jiron has not filed a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action." However, he seeks leave to proceed *pro se* in the document titled "Procedures for Seeking Leave to File Pro Se Action of Sovereign Lawrence M. Jiron" and that document addresses some of the information specified in the sanction order. Therefore, the document titled "Procedures for Seeking Leave to File Pro Se Action of Sovereign Lawrence M. Jiron" will be construed liberally as a petition to proceed *pro se*.

Mr. Jiron's request for leave to proceed *pro se* will be denied for a number of reasons. First, Mr. Jiron fails to provide all of the information specified in the sanction order. He does not provide a complete list of his prior lawsuits and appeals, he does not identify which of his prior lawsuits involved the same Defendants as the instant action, and he has not provided a description of his efforts to obtain counsel to represent him in this action. Mr. Jiron does refer to an attached document that supposedly lists all of his prior cases. However, the referenced document, which actually is attached to the Prisoner Complaint, is dated September 24, 2007, and does not include all of Mr. Jiron's prior cases. Furthermore, the referenced document does not provide the necessary information for the prior cases that are listed.

Mr. Jiron's petition to proceed *pro se* also will be denied because the Prisoner Complaint he has filed does not include a short and plain statement of his claims showing that he is entitled to relief as required pursuant to Rule 8 of the Federal Rules of Civil Procedure. Furthermore, to the extent the Court can decipher the claims Mr. Jiron is raising, it appears that those claims are frivolous. Mr. Jiron appears to be asserting claims in this action based on alleged violations of his rights that resulted in his state court criminal conviction. However, any claims for damages that challenge or imply the invalidity of a criminal conviction are barred until the conviction is invalidated through appropriate means. **See Heck v. Humphrey**, 512 U.S. 477 (1994). Finally, even if Mr. Jiron's claims are not barred by **Heck**, the named Defendants in the Prisoner Complaint are two state court judges and a district attorney who are entitled to absolute immunity. **See Mireles v. Waco**, 502 U.S. 9, 11-12 (1991) (discussing

absolute judicial immunity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (discussing absolute prosecutorial immunity).

For these reasons, the liberally construed petition for leave to proceed *pro se* will be denied and the action will be dismissed. Accordingly, it is

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED the document titled "Procedures for Seeking Leave to File Pro Se Action of Sovereign Lawrence M. Jiron," which the Court has construed as a petition seeking leave to proceed *pro se*, is denied. It is

FURTHER ORDERED that the Prisoner Complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 30 day of Jan, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. '09 - CV - 00194

Lawrence M. Jiron
Prisoner No. 116040
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2|2|09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk